**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WARREN PARKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No 1:15-cv-1856-TWP-DML |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Warren Parks for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 15-06-416. For the reasons explained in this Entry, Mr. Park's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 29, 2015, Investigator M. Grady wrote a conduct in case CIC 15-06-416 wrote a

Report of Conduct in case CIC 15-06-416, charging Mr. Parks with violation of Offense # 213,

Threatening. The conduct report states:

> On Monday, June 29, 2015 at 8:05 am, I investigator M. Grady reviewed a letter written by Offender Parks, Warren #116977 to Superintendent Wendy Knight. Offender Knight described the action of Superintendent Knight as one of "White Supremacy" after receiving a Class C Conduct Report. Offender Parks stated in his letter to Superintendent Knight, "You and your White Society is still seriously suffering psychologically from the evil effect of dehumanizing practice of human slavery.["]. Offender Parks ends his letter by stating the following, "Mrs. Clark has no jurisdiction to reclass me. She's not even part of Pen Products. DOC Policy say[s] you are not to use the re-class for discipline but you allowed this at your watch. This is racially motivated by White Power. Just to inform you, White People has put us in slavery, stole our history from us, made us live in ghetto, your hell put drugs in the streets, broke our home, we made it we still alive and I will make through this somehow, but for You and Your Boss, this ain't over by far". Offender Parks was shown a copy of the letter he sent to Superintendent Knight and stated the letter was written by him. The contents of this letter was written to intimidate and threaten Superintendent Wendy Knight.

[dkt. 13-1]. On July 2, 2015, Parks was notified of the charge of Offenses #213 and served

with a copy of the conduct report and incident report and a copy of the Notice of Disciplinary

Hearing "Screening Report". Parks was notified of his rights and pleaded not guilty. Parks did not

request any witnesses but did request that the letter be available at the hearing.

On July 2, 2015, a disciplinary hearing was held in case CIC 15-06-416. Parks pleaded not

guilty provided the following statement: I never said a threat to Supt. That was the only job I had.

I." [dkt. 13-3] The hearing officer found Parks guilty of Offense #213, Threatening. The hearing

officer relied on the staff reports, offender's statement, and the letter to Superintendent Knight in

making his determination. The following sanctions were recommended and approved: written

reprimand, 30-day phone and commissary restriction, and a 30-day credit time deprivation. The

hearing officer based the sanctions due to the frequency and nature of the offense and the likely

corrective effect of sanctions. Thereafter, Mr. Parks's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Mr. Park challenges the disciplinary action against him arguing: 1) he was denied a witness; 2) his First Amendment rights were violated; 3) the Superintendent had no jurisdiction to discipline him; and 4) he was subject to double jeopardy.

First, Parks argues he was denied an expert witness. However, to obtain review of a claim for habeas relief, a prisoner must first exhaust his state administrative remedies. *Markham v. Clark*, 978 F.2d 993, 995–96 (1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d 993, 995-96 (7th Cir. 1992); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The prisoner must provide sufficient information to put a reasonable prison official on notice as to the nature of his claim, so that the prison officials are afforded an opportunity to correct any problems. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Failure to exhaust a claim results in a procedural default that bars federal habeas relief. *Id.* at 981-82. Unfortunately for Mr. Park, he failed to raise this issue in his disciplinary appeal, and therefore, has defaulted on this claim. [dkt. 13-4].

Next, Mr. Parks argues his First Amendment Free Speech rights were violated. He is incorrect. Mr. Parks's disappointment and frustration concerning his job loss is understandable, however, writing a letter threatening Superintendent Knight is unacceptable. While portions of the letter may constitute permissible expressions of free speech, the conclusory statement –"but for You and Your Boss, this ain't over by far"—clearly is meant to intimidate. Threats are not protected by the First Amendment. *See, e.g., Virginia v. Black*, 538 U.S. 343, 358-60 (2003);

*R.A.V. v. City of St. Paul*, 505 U.S. 377, 388 (1992) ("threats of violence are outside the First Amendment"). Thus, this claim fails.

Third, Parks claims Superintendent Knight was without jurisdiction to discipline him. However, other than stating the Superintendent did not have subject matter jurisdiction over this matter because of the "void judgment; of the trial court. . ." Mr. Parks does not explain why the facility does not have the right to discipline him. Maintaining discipline in a facility is one of the primary functions of prison administration. *See, e.g., Wolff*, 418 U.S. at 562-63 ("the proceedings to ascertain and sanction misconduct themselves play a major role in furthering the institutional goal of modifying the behavior and value systems of prison inmates . . . ."). As such, this claim must also fail.

Finally, Mr. Parks argues he was subject to double jeopardy. However, double jeopardy protections do not attached in prison disciplinary cases. *See, Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir.1996) (analyzing double jeopardy on issue of whether subsequent disciplinary hearing on same charge constitutes double jeopardy and finding that it does not); *Colbeth v. Civiletti*, 516 F.Supp. 73, 82 (S.D. Ind. 1980). This claim also fails.

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Parks to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 9/22/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Warren Parks, #116977
Pendleton Correctional Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064