UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WARREN PARKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No 1:15-cv-1856-TWP-DML |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry on Post-Judgment Motion**

Final judgment was entered on this action on September 22, 2016, denying the petitioner's motion for writ of habeas corpus and dismissing this action.

The petitioner filed a motion for reconsideration on October 17, 2016, that, based on its timing, the Court treated as a motion to alter or amend under rule 59(e). The petitioner has now filed a second motion for reconsideration titled "Motion for 60(b)" arguing the Court erred when it treated his motion for reconsideration as a motion to alter or amend. The petitioner also states in the second motion for reconsideration that when the Court grants a motion to dismiss, it should permit the filing of an amended complaint. Finally, the petitioner repeatedly refers to a Court order in this action dated September 3, 2015.

First, this Court did not grant a motion to dismiss in this action. Rather, the Court denied the petitioner's motion for writ of habeas corpus and dismissed this action. Next, this action was filed on November 23, 2015, so there are no orders or entries dated September 3, 2015. Similarly, there are no orders or entries dated September 3, 2016, in this action.

Finally, the petitioner's motion is titled "Motion for 60(b)" and was filed more than 28 days after judgment was entered, the Court will treat it as a motion brought pursuant to Rule 60(b)

of the *Federal Rules of Civil Procedure.* "Rule 60(b) authorizes a court to relieve a party or its legal representative from a final judgment, order, or proceeding for various reasons including mistake, inadvertence, surprise, or excusable neglect, or any other reason that justifies relief, but only on motion of a party." *Shuffle Tech Intern., LLC v. Wolff Gaming, Inc.,* 757 F.3d 708, 709 (7th Cir. 2014) (internal quotations omitted). ). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Kathrein v. City of Evanston, Ill.,* 752 F.3d 680, 690 (7th Cir. 2014) (internal quotation omitted).

Construed liberally, the petitioner's motion sets forth no articulable reason that this Court should set aside its judgment. He has not pointed to any mistake or error on the part of the Court with respect to its ruling. For these reasons, the petitioner has not presented extraordinary circumstances sufficient to warrant reconsidering the Court's ruling or re-opening the action. The plaintiff's motion for reconsideration and reinstatement [dkt. 23] is therefore **denied.**

**IT IS SO ORDERED.**

Date:  12/6/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Warren Parks, #116977
Pendleton Correctional Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064